RECEIVED

SEP - 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPALESCE DIVISION

ANDRE' PAUL DOUGA

VS.

D&B BOAT RENTALS, INC.
DANOS & CUROLE MARINE
CONTRACTORS, LLC

CIVIL ACTION NO. 04-1642

JUDGE MELANÇON

MAGISTRATE JUDGE METHVIN

## ORDER

On August 15, 2006, defendant Danos and Curole Marine Contractors, L.L.C. filed a Motion for Protective Order seeking an order precluding plaintiff from discovering information requested in the Notice setting defendant's Rule 30(b)(6) deposition.[1] Defendant maintains that the disputed discovery requests seek information that is irrelevant and protected by the attorney-client privilege and/or the work product immunity, and the requests are over broad and unduly burdensome. Plaintiff filed an opposition.

Defendant has not provided a privilege log in connection with the assertion of the attorney-client privilege and the work product immunity. FED.R.CIV.P. 26(b)(5) requires that a party claiming privilege or attorney work product must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice. United States v. Construction Prod. Research, Inc., 73 F.3d 464, 473-

---

[1] Rec. Doc. 64.

74 (2nd Cir.1996). This information should be evident on the privilege log. For the work product, the privilege log must establish that the qualified immunity applies, i.e., the documents and/or tangible things were prepared in anticipation of litigation by or for a party or by or for a party's representative. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947). Conclusory assertions of privilege are insufficient. Blockbuster Entertainment Corp. v. McComb Video, Inc., 145 F.R.D. 402, 404 (M.D.La. 1992). Absent a privilege log, the undersigned is unable to rule on whether the discovery requested is protected by a privilege.

Considering the foregoing,

**IT IS ORDERED** that **on or before September 15, 2006,** defendant shall hand-deliver or fax to opposing counsel and the undersigned magistrate judge a privilege log which complies with the following requirements. With respect to each document listed in the privilege log, defendant shall include:

a.  the date the document was created;

b.  the author of the document;

c.  all recipients of the document, along with their capacities;

d.  the document's subject matter;

e.  the specific privilege being asserted;

f.  factual and legal support for the claim of privilege in light of established Fifth Circuit jurisprudence;

g.  with respect to each document withheld on the basis of the attorney-client privilege, an affirmative statement regarding whether the document has been disseminated to parties other than the recipient(s) listed in the privilege log.

**IT IS FURTHER ORDERED** that any supplemental opposition to the Motion for

Protective Order shall be filed on or before **September 20, 2006**.

   **IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this order to all counsel

of record.

   Signed at Lafayette, Louisiana on September 8th , 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155


COPY SENT:
DATE: 9-8-06
BY: gbr
          MEM
TO:
          CW
          Curtis
          Harris, III
          O'Daniels
          Reich
          Rufty, III

via fax