RECEIVED

FEB 2 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPALESCE DIVISION

| | |
|---|---|
| ANDRE' PAUL DOUGA | CIVIL ACTION NO. 04-1642 |
| VS. | JUDGE MELANÇON |
| D&B BOAT RENTALS, INC.<br>DANOS & CUROLE MARINE<br>CONTRACTORS, LLC | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION FOR CONTEMPT AND/OR TO COMPEL*
*(Rec. Doc. 118)*

Before the court is a Motion for Contempt and/or Motion to Compel Compliance with Deposition Subpoena for Documents Served on Kenneth Livaudais Claims Service ("Livaudais") filed by Danos and Curole Marine Contractors, LLC. ("Danos and Curole"). D&B Boat Rentals, Inc. ("D&B") filed an opposition and Danos and Curole replied.[1]

Plaintiff Andre Douga alleges that he sustained personal injuries on March 5, 2004, while working for D&B aboard Danos and Curole's vessel. D&B's captain at the time of the accident was Kent Branstetter, who no longer works for D&B. During the course of discovery, D&B indicated that Captain Branstetter gave a statement on May 18, 2004, to an employee of Livaudais. The parties have scheduled and rescheduled Captain Branstetter's deposition numerous times since the onset of this litigation, with the final notice setting the deposition for March 15, 2007.

On November 30, 2006, Danos and Curole had a subpoena issued to Livaudais, seeking "Any and all documents you have on file concerning Andre Douga and his alleged accident (including but not limited to your entire claim file on Andre Douga), while working for D&B

---

[1] Rec. Doc. 121 and 124.

2

Boat Rentals, including but not limited to . . . the statement of Capt. Kent Branstetter . . ."[2] Although the subpoena was issued after the discovery deadline of October 22, 2006, on January 22, 2007, D&B sent a letter to counsel for Danos and Curole stating, "Pursuant to your subpoena to Kenneth Livaudais Claims Services, please find enclosed a copy of our entire file."[3] Although the file was voluminous, and contained a memo to the file summarizing Captain Branstetter's statement, the statement itself was not produced.[4]

On February 9, 2007, Danos and Curole filed the instant motion seeking production of Captain Branstetter's statement. D&B opposes production, arguing that Livaudais cannot produce the statement because prior to the subpoena being issued, Livaudais had given the statement to counsel for D&B, and therefore the statement is no longer in Livaudais' possession. D&B also argues that the subpoena was issued untimely, i.e., after the discovery deadline, production of the statement is unnecessary since Captain Branstetter's deposition has been set, and finally, that the statement is protected from discovery by the work product doctrine.

The undersigned finds that D&B and Livaudais waived the objections. Absent extension or good cause, failure to timely respond to interrogatories, production requests, or other discovery efforts generally constitutes a waiver of any objections thereto. In re United States, 864 F.2d 1153, 1155 (5th Cir. 1989). Objections to a subpoena on the basis of privilege must be made within 14 days of service as required by Fed.R.Civ.P. 45(c)(2)(B). Here, the objections

---

[2] Rec. Doc. 118, Exhibit 4.

[3] Rec. Doc. 118, Exhibit 5.

[4] Rec. Doc. 118, Exhibit 6.

3

were not made until the filing of the opposition memorandum to the instant motion, which was over two months after service of the subpoena. Additionally, D&B and Livaudais did not establish cause for the failure to timely object. Thus, the objections based on untimeliness, necessity of the statement, and work product were waived.

Additionally, D&B's argument that Livaudais cannot be compelled to produce the statement because Livaudais no longer possesses it is unpersuasive. Livaudais generated the statement and subsequently allowed counsel for D&B to use it. Livaudais was under the impression that the statement was in its claim file when the file was produced pursuant to the subpoena.[5] Although Livaudais may not have the statement in its possession any longer, it still has such control over the statement, which was supposed to be in its claim file, that it can direct D&B to produce the statement.

Although the statement should have been produced, the undersigned concludes that Livaudais intended to so produce the statement, and therefore, a finding of contempt and sanctions against Livaudais are not in order. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel is **GRANTED**. Livaudais shall arrange for a copy of Captain Branstetter's statement to be provided to counsel for Danos and Curole within five days of this order.

**IT IS FURTHER ORDERED** that the request for sanctions is **DENIED**

---

[5] Rec. Doc. 121 at p. 2.

4

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record. Counsel for D&B shall ensure that Livaudais is provided a copy of this Ruling forthwith.

Signed at Lafayette, Louisiana on Feb 28, 2007, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155

COPY SENT:
DATE: 2/28/07
BY: CW
TO: mem
Curtis
Harris
O'Daniels
Reich
Ruffy
Willhoft
} via fax