UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

ANDRÉ PAUL DOUGA                                CIVIL ACTION NO. 04-1642

VS.                                             JUDGE MELANÇON

D&B BOAT RENTALS, INC.                          MAGISTRATE JUDGE METHVIN
DANOS & CUROLE MARINE
CONTRACTORS, L.L.C.

*RULING ON MOTION TO QUASH SUBPOENA*
*(Rec. Doc. 148)*

Before the court is a Motion to Quash Subpoena filed by defendant D&B Boat Rentals, Inc. ("D&B").[1] D&B seeks to quash the trial subpoena of Kent Branstetter issued by defendant Danos and Curole Marine Contractors, L.L.C. ("Danos and Curole"). Danos and Curole opposes the motion.[2]

*Background*

Plaintiff André Douga alleges that he sustained personal injuries on March 5, 2004, while working for D&B aboard a vessel owned by Danos and Curole. D&B's captain at the time of the accident was Kent Branstetter, a resident of Houston who no longer works for D&B.

After some initial scheduling difficulties, Captain Branstetter's deposition was scheduled to be taken in Lafayette on March 15, 2007. Prior to the deposition, D&B filed a motion to quash on grounds that counsel for Danos and Curole had communicated his intention to serve Captain Branstetter with a trial subpoena at his deposition. Counsel for D&B sought to quash the deposition in Lafayette and move it to Houston in order to avoid service.

---

[1] Rec. Doc. 148. This motion re-urges a motion filed before the case was administratively terminated. Rec. Doc. 138. Thus, this ruling is applicable to both motions.

[2] Rec. Doc. 150.

2

The undersigned held a telephone conference on March 12, 2007, to address the motion to quash. The Minutes of Telephone Conference and Order state:

> The undersigned noted that Captain Branstetter has worked with counsel in order to schedule the deposition. Captain Branstetter arranged his schedule to accommodate counsel's choice of location and time preferences. Considering this good faith effort, the undersigned concluded that the deposition should be converted to a trial deposition in order to avoid Captain Branstetter having to return to Lafayette to testify live at trial. Although live trial testimony may be favorable, Danos and Curole did not show that it was necessary in this case. Accordingly,
>
> **IT WAS ORDERED** that Danos and Curole's Motion to Quash the Deposition of Captain Branstetter be **DENIED**. The trial deposition of Captain Branstetter shall take place on March 15, 2007 at 3:00 p.m. in the offices of Larry Curtis in Lafayette, La.
>
> **IT IS FURTHER ORDERED** that in the event Danos and Curole serves Captain Branstetter with a subpoena to appear at trial, opposing counsel shall file a Motion to Quash the subpoena. Counsel were informed that the undersigned will give such a motion favorable consideration unless Danos and Curole is able to show that Captain Branstetter's trial deposition is inadequate or would prejudice a party if used.[3]

Accordingly, Captain Branstetter's trial deposition was taken as scheduled on March 15, 2007. During the course of the deposition, counsel for all parties engaged in contentious discussions.[4] Danos and Curole maintains that counsel for plaintiff and D&B repeatedly lodged speaking objections and the witness became "extremely defensive" which led to counsel for Danos and Curole serving Captain Branstetter with a trial subpoena.[5] D&B filed the instant motion seeking an order quashing the trial subpoena.

---

[3] Rec. Doc. 136.

[4] Rec. Doc. 150, Exhibit "A", Deposition of Captain Branstetter at pps. 9-17, 48-54, 57-58, 62.

[5] Rec. Doc. 150, Exhibit "A", Deposition of Captain Branstetter at p. 165.

3

*Legal Analysis*

D&B argues that service of the subpoena during the deposition was improper, but offers no applicable precedent in support of this argument. Service of the subpoena was not rendered improper because it was made on the deponent while he was voluntarily appearing for a deposition is misplaced. *See* Moore's Federal Practice-Civil § 4.59[2] (3d ed. 1998) ("[W]itnesses who appear before a court or for some other judicial proceeding-such as a deposition-are immune from service of process, provided that the matter for which they appear is unrelated to the case for which service is sought." ).

Nonetheless, it is clear that while Federal Rule of Civil Procedure 45(b)(2) authorized the service of a trial subpoena on Captain Branstetter while he was in the district, subdivision (c)(3)(A)(ii) of the same rule allows such a subpoena to be quashed because it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. . ."[6]

---

[6]Rule 45(b)(2) governs service of subpoenas, and states:

Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

Rule 45(c)(3)(A)(ii) states in pertinent part:

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject

4

There is no dispute that Captain Branstetter will be required to travel more than 100 miles from his residence in order to testify at the trial of this matter. Whether or not Captain Branstetter would be required to travel more than 100 miles from his place of employment, however, is not clear. In his deposition, Captain Branstetter did not testify regarding the place of his employment, but only stated that he "works in Louisiana sometimes."[7] Thus, it is unclear whether the subpoena must be quashed pursuant to Rule 45(c)(3)(A)(ii).

Regardless, the undersigned concludes that the subpoena should be quashed because Danos and Curole has not proven, in accordance with the undersigned's March 12, 2007 order, that Captain Branstetter's trial deposition was inadequate or would be prejudicial if used.

The undersigned has reviewed Captain Branstetter's deposition and concludes that the trial deposition is adequate and that Danos and Curole would not be prejudiced by its use rather than live testimony. Although the deposition included several arguments between counsel, it is clear that Danos and Curole was afforded ample opportunity to explore the issues of this case with Captain Branstetter. The deposition transcript is in excess of 250 pages, most of which was questioning by Danos and Curole. Although there were instances when Captain Branstetter refused to answer questions, most of those refusals were made after Captain Branstetter had attempted to answer the question, however, counsel for Danos and Curole was not satisfied with the answer.[8] Likewise, although Danos and Curole maintains that the deposition is "clouded

---

to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held * * *

[7] Rec. Doc. 150, Exhibit "A", Deposition of Captain Branstetter at p. 40.

[8] Rec. Doc. 150, Exhibit "A", Deposition of Captain Branstetter at pps.156-162.

5

with counsels' improper speaking objections, coaching the witness, and payment for the witness' testimony," a review of the deposition shows that the testimony is sufficient for trial purposes. Moreover, it would be unfair to require Captain Branstetter to pay the price for the allegedly improper conduct of counsel at the deposition.

    The undersigned concludes that in light of the efforts made by Captain Branstetter to provide deposition testimony, it would be unduly burdensome to require Captain Branstetter to travel to Lafayette again for the trial. Captain Branstetter voluntarily appeared for his deposition. Captain Branstetter could have refused to appear in Lafayette, thereby requiring all counsel to travel to Texas to depose him. When counsel for Danos and Curole advised prior to the deposition that he intended on using the Lafayette location of the deposition to serve Captain Branstetter with a trial subpoena, the issue was brought before the undersigned. The undersigned allowed the deposition of Captain Branstetter to go forward in Lafayette under the express provision that he would not be served with a trial subpoena absent good cause shown. Danos and Curole has not made the required showing, and the undersigned will not allow counsel for Danos and Curole to circumvent the undersigned's order by going forward with his plan for serving a trial subpoena at the deposition regardless of necessity.

6

Accordingly, **IT IS ORDERED** that the Motion to Quash Subpoena[9] filed by defendant D&B is **GRANTED**.

Signed at Lafayette, Louisiana, on November 5, 2007.

_____
Mildred E. Methvin
United States Magistrate Judge

---

[9] Rec. Doc. 138 and 148.