## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Douga | Civil Action 04-1642 |
| versus | Judge Tucker L. Melançon |
| D&B Boat Rental, et al | Magistrate Judge Methvin |

### MEMORANDUM RULING

Before the Court is defendant Danos and Curole's Motion For Review of Magistrate's Ruling On D&B Boat Rental's Motion to Quash Trial Subpoena of Captain Branstetter [Rec. Doc. 154].

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of Magistrate Judge orders by district court judges.  Rule 72(a) provides in pertinent part that:

> "[w]ithin 10 days after being served with a copy of the Magistrate Judge's order, a party may serve and file objections to the order....The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a)."

A pretrial discovery motion is non-dispositive and is subject to a "clearly erroneous or contrary to law" standard of review by the district court.   *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995). In applying this "clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the Magistrate Judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the Magistrate Judge made a mistake.  See *Moody v. Callon Petroleum Operating*

*Co.*, 37 F.Supp.2d 805, 807 (E.D.L.A.1999)(citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

Captain Branstetter, D&B's captain at the time of the accident in this case, no longer works for D&B and resides in Houston, Texas. *R. 148.* Branstetter's deposition was scheduled to be taken in Lafayette, Louisiana on March 15, 2007. *Id.* Prior to the deposition, D&B filed a motion to quash on grounds that counsel for Danos and Curole had communicated his intention to serve Branstetter with a trial subpoena at his deposition in Lafayette. Counsel for D&B sought to quash the deposition in Lafayette and move it to Houston in order to avoid service. *Id.*

Following a March 12, 2007 telephone conference, the Magistrate Judge denied the motion to quash and set the trial deposition of Branstetter on March 15, 2007 in Lafayette.  The Magistrate Judge noted that Branstetter had cooperated in scheduling the trial deposition to accommodate counsel's choice of location and time and he should not be required to return to Lafayette to testify live at trial.  The Magistrate Judge further stated that in the event Danos and Curole served Branstetter with a subpoena to appear at trial, opposing counsel should file a motion to quash which would be given favorable consideration unless Danos and Curole could show the trial deposition was inadequate or would prejudice a party if used.  *R. 136.*

During the trial deposition of Captain Branstetter, Danos and Curole served Branstetter with a trial subpoena maintaining that counsel for all parties engaged in contentious discussions and that D&B repeatedly lodged objections, coached the witness and paid $600.00 for the witness to travel to Lafayette. *R. 148.*  Thereafter,

D&B filed a motion to quash which the Magistrate Judge granted, finding that Danos and Curole failed to show good cause for filing the motion. *Id.* Danos and Curole filed this appeal of the Magistrate Judge's Order.

Upon reviewing the Magistrate Judge's ruling in question and defendant's motion appealing the ruling, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issue raised and did not make any clear error in her ruling. The Magistrate Judge reviewed Branstetter's deposition of over 250 pages and concluded that the trial deposition is adequate and Danos and Curole will not be prejudiced by its use rather than live testimony. Moreover, the Court agrees with the Magistrate Judge that based on Captain Branstetter's cooperation of traveling over one hundred miles to voluntarily attend the trial deposition, it would be unfair to require him to pay the price for the allegedly improper conduct of counsel at the deposition.